# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAREN D. JEFFRIES-WRIGHT,**
        Plaintiff,

v.                                                Case No. 22-CV-303

**THE GUARDIAN LIFE INSURANCE COMPANY**
    **OF AMERICA NEW YORK NY,**
        Defendant.

## ORDER

On February 21, 2022, Karen D. Jeffries-Wright initiated a small claims action against The Guardian Life Insurance Company of America in Milwaukee County Circuit Court seeking the proceeds of her father's life insurance policy. (ECF No. 1-1.) In her complaint she alleged that she was the sole beneficiary of the policy pursuant to a beneficiary designation form that she signed as her father's power of attorney. (ECF No. 1-1 at 3.) Before she filed her lawsuit Guardian had requested that she provide the power of attorney. (ECF No. 1-1 at 5.) Jeffries-Wright responded, "Your request for the Financial POA document insinuates a lack of validity, in terms of my signature affixed to the life insurance beneficiary form. I will not be providing it. You are expected to accept my POA signature and associated claim as valid." (ECF No. 1-1 at 5.)

On March 9, 2022, Guardian removed the action to this court because the claim arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (ERISA). (ECF No. 1.) It then filed a counterclaim (ECF No. 8), third-party complaint (ECF No. 9), motion for interpleader and discharge (ECF No. 10), and a motion to dismiss (ECF No. 11). The motion to dismiss has been fully briefed since May 3, 2022. The court subsequently granted Guardian leave to amend its pleadings. (ECF Nos. 18, 19.)

On May 9, 2022, Guardian filed a Third-Party Complaint and Amended Counterclaim. (ECF No. 19.) In its Third-Party Complaint Guardian named as defendants both Jeffries-Wright and her sister, Kimberly Jeffries, who is identified as another potential beneficiary. Jeffries was finally served on December 13, 2022. Although both Jeffries-Wright and Guardian have consented to this court's jurisdiction, Jeffries has not yet appeared or consented to this court.

Absent Jeffries's consent, this action cannot proceed before this court. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Therefore, the court must return this action to the Clerk's Office for random reassignment to a district judge.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of January, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge